## CIRCUIT COURT OF ARLINGTON COUNTY

Gozalzadeh et al.

v.

Gozalzadeh

March 12, 1986

Case No. (Chancery) 36703

### By JUDGE THOMAS R. MONROE

Under advisement is defendant's Motion to Disqualify Counsel. I have carefully considered the oral arguments presented before the Court on February 6, 1986, and the Briefs submitted and advise that the Motion is sustained.

Counsel for defendant has stated categorically that Mr. Sattler will be called by him as a witness to testify on the issue of the sale and ownership of one-half of the corporate shares to the defendant. Mr. Sattler is a corporate director and legal counsel for plaintiffs, Shamil Gozalzadeh and Mat, Inc. Legal Ethics Opinion No. 723 states:

> An attorney/co-executor/witness must discontinue representation of a client in pending litigation unless the finder of fact determines that the attorney/co-executor's testimony will relate solely to an uncontested matter or to a matter of formality to which no substantial opposing evidence will be offered; or determines that the attorney/co-executor will be called as witness other than on behalf of the client and the attorney's testimony will not be prejudicial to the client. [See: DR 5-101(B)(1)]

Mr. Sattler's testimony will be substantial and, likely, prejudicial to his clients.

Disciplinary Rule 5-102(B) states:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

Inasmuch as Mr. Sattler has been put on notice by opposing counsel that, at trial, he will be called as a witness and he does not fall within the exceptions set forth in DR 5-101(B)(1), (2), (3), he should not continue in his representation of plaintiffs in this action.